UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS PARKER, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>BUFFALO TRACE DISTILLERY, INC., OLD CHARTER DISTILLERY CO., and SAZERAC COMPANY, INC.,<br><br>            Defendants. | Case No. 16-cv-08986 (LLS)<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE CLASS ACTION COMPLAINT** |

# TABLE OF CONTENTS

I.    INTRODUCTION. ............................................................................................1

II.   BACKGROUND. ............................................................................................3

    A.    Federal Liquor Label Regulations. ....................................................3

    B.    Old Charter Bourbon and TTB Approval of Old Charter Label Statements..........4

    C.    Plaintiff's Allegations. ......................................................................5

III.  THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AND SHOULD BE DISMISSED.....................................................................................................6

    A.    Legal Standards on this Motion to Dismiss........................................6

        1.    Federal Rule of Civil Procedure 12(b)(1). .................................6

        2.    Federal Rule of Civil Procedure 12(b)(6). .................................7

    B.    All of Plaintiff's Claims Should Be Dismissed under Rule 12(b)(6) Because the Old Charter Label Is Not Materially Misleading as a Matter of Law........................................................................................................7

    C.    Plaintiff's Causes of Action Suffer from Individual Flaws That Require Their Dismissal under Rule 12(b)(6). ...............................................11

        1.    Plaintiff's New York statutory claims (Counts I and II) are barred by the safe harbor created after the TTB's approval of Old Charter's label statements. ....................................................11

        2.    The complained-of statements do not form a warranty under federal law (Count V) or New York law (Count IV) and Plaintiff failed to plead that he provided pre-suit notice of his claim to Defendants. ..............................................................................13

        3.    Plaintiff fails to plead fraudulent intent as required for a fraud claim (Count VI). ................................................................16

        4.    Plaintiff's negligent misrepresentation claim (Count VII) is flawed and should be dismissed. ............................................17

        5.    Plaintiff's unjust enrichment claim (Count III) is duplicative and should be dismissed.....................................................................18

IV.   PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE CLAIMS AGAINST SAZERAC.................................................................................19

V.    PLAINTIFF DOES NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF........19

VI.   CONCLUSION .............................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Albert v. Blue Diamond Growers*,
    151 F. Supp. 3d 412 (S.D.N.Y. 2015) ............................................................... 6, 20

*Am. Home Prods. Corp. v. Johnson & Johnson*,
    672 F. Supp. 135 (S.D.N.Y. 1987) ...................................................................... 11

*Andre Strihak & Assocs., P.C. v. Hewlett Packard Co.*,
    752 N.Y.S.2d 400 (N.Y. App. Div. 2002) .......................................................... 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................ 7

*Baker v. Robert I. Lappin Charitable Found.*,
    415 F. Supp. 2d 473 (S.D.N.Y. 2006) ................................................................ 15

*Bautista v. Cytosport, Inc.*,
    No. 15-CV-9081 (CS), 2016 WL 7192109 (S.D.N.Y. Dec. 12, 2016) ............ 18, 19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................ 7

*Bowling v. Johnson & Johnson*,
    65 F. Supp. 3d 371 (S.D.N.Y. 2014) .................................................................. 14

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
    475 F. App'x 113 (9th Cir. 2012) ........................................................................ 9

*In re Celexa & Lexapro Mktg. & Sales Practices Litig.*,
    MDL No. 09-2064-NMG, 2014 WL 866571 (D. Mass. Mar. 5, 2016) ........... 11, 13

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed
    Care, L.L.C.*,
    433 F.3d 181 (2d Cir. 2005) ................................................................................ 6

*Cherny v. Emigrant Bank*,
    604 F. Supp. 2d 605 (S.D.N.Y. 2009) ................................................................ 17

*City of L.A. v. Lyons*,
    461 U.S. 95 (1983) ............................................................................................. 20

*Cruz v. Anheuser-Busch, LLC*,
    No. CV 14-09670 AB, 2015 WL 3561536 (C.D. Cal. June 3, 2015) ................... 12

# TABLE OF AUTHORITIES
## (continued)

*Dash v. Seagate Tech. (U.S.) Holdings Inc.*,
  27 F. Supp. 3d 357 (E.D.N.Y. 2014) ........................................................................... 7, 16, 17

*Davis v. Fed. Election Comm'n*,
  554 U.S. 724 (2008) .................................................................................................................. 6

*Deshawn E. by Charlotte E. v. Safir*,
  156 F.3d 340 (2d Cir. 1998) .................................................................................................. 20

*Dumont v. Litton Loan Servicing, LP*,
  No. 12–CV–2677-ER-LMS, 2014 WL 815244 (S.D.N.Y. Mar. 3, 2014) ............................ 19

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013) .................................................................................................... 8

*Forouzesh v. Starbucks Corp.*,
  No. CV 16-3830 (PA), 2016 WL 4443203 (C.D. Cal. Aug. 19, 2016) .................................. 15

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2014) ...................................................................................... 14

*U.S. ex rel. Grupp v. DHL Express (USA), Inc.*,
  47 F. Supp. 3d 171 (W.D.N.Y. 2014) .............................................................................. 16, 17

*Ibarrola v. Kind, LLC*,
  83 F. Supp. 3d 751 (N.D. Ill. 2015) ........................................................................................ 8

*Izquierdo v. Mondelez Int'l, Inc.*,
  No. 16-cv-04697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) ............................................ 7

*Koenig v. Boulder Brands, Inc.*,
  995 F. Supp. 2d 274 (S.D.N.Y. 2014) .................................................................................... 19

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................................. 6

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
  244 F.R.D. 204 (S.D.N.Y. 2007) ........................................................................................... 18

*Marcus v. AT & T Corp.*,
  938 F. Supp. 1158 (S.D.N.Y. 1996) ................................................................................. 11, 12

*McKinnis v. Kellogg USA*,
  No. CV 07-2611 ABC, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ............................ 9, 15

## TABLE OF AUTHORITIES
### (continued)

*Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013) ...................................................................................16

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) .............................................................................................20

*Parent v. MillerCoors LLC*,
  No: 3:15-cv-1204-GCP-WVG, 2015 WL 6455752 (S.D. Cal. Oct. 26, 2015)................ 12, 13

*Quinn v. Walgreen Co.*,
  958 F. Supp. 2d 533 (S.D.N.Y. 2013) .................................................................16

*Red v. Kraft Foods, Inc.*,
  No. 10-CV-1028-GW, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ....................................9

*Romero v. Flowers Bakeries, LLC*,
  No. 14-cv-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016)......................... 1, 8, 9, 10

*Scheiner v. Wallace*,
  832 F. Supp. 687 (S.D.N.Y. 1993) .......................................................................16

*In re Scotts EZ Seed Litig.*,
  No. 12 CV 4727(VB), 2013 WL 2303727 (S.D.N.Y. May 22, 2013) ...................................15

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*,
  No. MDL-1703, 2012 WL 1015806 (N.D. Ill. Mar. 22, 2012) ............................................14

*Shaker v. Nature's Path Foods, Inc.*,
  No. EDCV 13-1138-GW(OPx), 2013 WL 6729802 (C.D. Cal. Dec. 16, 2013) ...................10

*Simmons v. Washing Equip. Techs.*,
  912 N.Y.S.2d 360 (N.Y. App. Div. 2010) ............................................................16

*Singleton v. Fifth Generation, Inc.*,
  No. 5:15-CV-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016)........................... 7, 12, 16, 18

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
  547 F.3d 406 (2d Cir. 2008) ...................................................................................7

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
  No. 14-CV-3826 MKB, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015)...............................19

*Taylor Wine Co. v. Dep't of Treasury*,
  509 F. Supp. 792 (D.D.C. 1981) ............................................................................3

# TABLE OF AUTHORITIES
## (continued)

*Teixeira v. St. Jude Med. S.C., Inc.*,
    —F. Supp. 3d—, 2016 WL 3547932 (W.D.N.Y. June 30, 2016)..........................................15

*Tomasino v. Estee Lauder Cos.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014)....................................................................................20

*Werbel v. Pepsico, Inc.*,
    No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) ..............................1, 8, 9

*Wilbur v. Toyota Motor Sales, U.S.A., Inc.*,
    86 F.3d 23 (2d Cir. 1996) .....................................................................................................13

*Wilson v. Frito-Lay N. Am., Inc.*,
    No. 12-1586 SC, 2013 WL 1320468 (N.D. Cal. Apr. 1, 2013)............................................14

**Statutes**

6 U.S.C. § 531(d) ...........................................................................................................................3

15 U.S.C.
    § 2301 ....................................................................................................................................14
    § 2310 ....................................................................................................................................13

27 U.S.C. § 205...............................................................................................................................3

N.Y. U.C.C. Law § 2-313(a) ........................................................................................................15

**Federal Regulations**

27 C.F.R.
    § 5.4.........................................................................................................................................3
    § 5.11...........................................................................................................................1, 10, 13
    § 5.22.......................................................................................................................................4
    § 5.31.......................................................................................................................................3
    § 5.32.......................................................................................................................................4
    § 5.34..................................................................................................................................4, 13
    § 5.40.......................................................................................................................................4
    § 5.42.......................................................................................................................................4
    § 13.2.......................................................................................................................................3

## TABLE OF AUTHORITIES
### (continued)

**Other Authorities**

Federal Rule of Civil Procedure
    12(b)(1)................................................................................................................6, 20
    12(b)(6)........................................................................................................ 7, 11, 19

Treas. Order 120-01 (Dec. 10, 2013) ...........................................................................3

1989 N.Y. Sess. Laws 65 (McKinney).........................................................................11

https://www.merriam-webster.com/dictionary/season (last visited Jan. 12, 2017) ......................10

https://www.ttb.gov/labeling/allowable_revisions.shtml (last visited Jan. 12, 2017) ...................3

## I.    INTRODUCTION.

Plaintiff Nicholas Parker ("Plaintiff") filed a putative nationwide class action premised on a theory that defendants misrepresented that Old Charter bourbon has been "aged 8 years." The simple problem here is that no such statement was made.  As such, the entire Complaint is based on a faulty premise and should be dismissed for the reasons set forth below.

**First**, the Old Charter label is not misleading.  Not surprisingly, courts routinely dismiss suits, like this one, where the plaintiff claims he was misled into believing something that is not actually represented on a product's package.  For example, bread branded "Whitewheat" or "Honey Wheat" does not misleadingly represent that it contains whole wheat.  *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *6-7 (N.D. Cal. Feb. 8, 2016).  And "Crunch Berries" cereal does not misleadingly represent that it contains real berries. *Werbel v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3-5 (N.D. Cal. July 2, 2010).  Here, Plaintiff claims that a reasonable reading of the number 8 and the phrase "matured for eight seasons" on the Old Charter label suggests that the bourbon was aged 8 years.  Not so. No reasonable consumer would transform a naked number "8" into saying that the bourbon "has been aged for 8 years."   Additionally, the word "season" for distilled spirits is defined as including two per year (27 C.F.R. § 5.11), and thus cannot be contorted to mean one full "year," either under this definition or under the commonly understood meaning of four per year.

**Second**, Plaintiff's New York statutory law claims are barred by the safe harbor defenses provided in New York General Business Law ("GBL") sections 349(d) and 350–d.  The safe harbor applies because Old Charter's use of the number 8 and the term "eight seasons" is authorized by federal law.  The federal Alcohol and Tobacco Tax and Trade Bureau ("TTB"), under the direction of Congress, regulates the use of age statements on bourbon.  Fatal to

Plaintiff's claims is the fact that, before bottling Old Charter with the label at issue, Old Charter received the TTB's approval of the challenged statements.

**Third**, the number "8" and "eight seasons" do not affirmatively state or promise that Old Charter is aged 8 years and thus cannot be warranties under New York law, much less promise that Old Charter is defect free or will meet any specified level of performance as required under the federal Magnuson-Moss Warranty Act.

**Fourth**, the fraud claim fails because Plaintiff's self-serving conclusion that defendants falsely labeled Old Charter to induce consumers to buy the product lacks facts that give rise to an inference that defendants had a fraudulent intent in the labeling of Old Charter.

**Fifth**, Plaintiff cannot state a claim for negligent misrepresentation because the claim is barred by the economic loss doctrine and because Plaintiff cannot plead any sort of "special relationship" with defendants as the law requires. Plaintiff engaged in nothing more than a run-of-the-mill consumer transaction, which is insufficient to support a negligence claim.

**Sixth**, the unjust enrichment claim improperly duplicates Plaintiff's litany of other claims.

**Seventh**, Plaintiff does not have Article III standing to seek injunctive relief because he does not and cannot allege any chance of future injury.

**Lastly**, Plaintiff fails to plead any facts sufficient to state claims against Sazerac Company, Inc. ("Sazerac") as he fails to allege Sazerac engaged in any of the purported deceptive conduct.

Plaintiff's Complaint thus fails in its general premise that Old Charter misleadingly states that it is aged for 8 years and also in the specifics of his claims. As such, the Court should dismiss the Complaint with prejudice.

## II.   BACKGROUND.

### A.   Federal Liquor Label Regulations.

Alcoholic beverage labeling—including the mandatory and permissive use of age statements on bourbon bottles—is regulated by the federal government.  The Federal Alcohol Administration Act ("FAAA") vests the Secretary of Treasury with the power to ensure that alcoholic beverage labels do not contain "statements relating to age" that may deceive consumers.  27 U.S.C. § 205(e); *see Taylor Wine Co. v. Dep't of Treasury*, 509 F. Supp. 792, 794 (D.D.C. 1981) ("The FAAA gives the [Treasury Department] broad discretion to fashion a regulatory scheme designed to preclude deception.").  To prevent the sale of distilled spirits with potentially deceptive labels, Congress requires that companies obtain "a certificate of label approval covering the distilled spirit[]" as prescribed by the Secretary of Treasury's regulations. 27 U.S.C. § 205(e).

This regulatory and label approval authority has been delegated to the TTB.  6 U.S.C. § 531(d); Treas. Order 120-01 (Dec. 10, 2013).  TTB officers are tasked with reviewing distilled spirit labels to ensure that, among other things, bourbon labels do not contain any statements that would deceive consumers as to the age of the bourbon.  *See* 27 C.F.R. §§ 5.4, 13.2 (delegating the regulatory authority of the TTB Administrator to the appropriate TTB officers).  As such, bourbon cannot be bottled or removed from a plant unless the company has a valid "certificate of label approval" ("COLA") issued by a TTB officer.  27 U.S.C. § 205(e); 27 C.F.R. § 5.31(a) (requiring that all distilled spirits be "marked, branded, labeled, or packaged, in conformity with [the labeling regulations]").[1]

---

[1] The TTB permits certain revisions to be made without requiring a new COLA.  *See* https://www.ttb.gov/labeling/allowable_revisions.shtml (last visited Jan. 12, 2017).

The TTB has promulgated detailed regulations governing the usage and form of age statements on distilled spirits. For instance, the TTB lists a number of items that must be displayed on labels including "[a] statement of age . . . when required." 27 C.F.R. § 5.32(b). For whisky[2] that is 4 years old or more, statements of age are optional. 27 C.F.R. § 5.40(a). But if an optional age statement is used, it must meet the regulations' form requirements. 27 C.F.R. § 5.40(a)(5). These requirements mandate that age statements contain (1) the number of years and (2) words substantially similar to "years old." 27 C.F.R. § 5.40(a)(1). The TTB also specifically bars statements on bottles that a consumer might otherwise construe as an age statement, including brand names, which:

> standing alone, or in association with other printed or graphic matter, creates any impression or inference as to age . . . unless the appropriate TTB officer finds that such brand name (when appropriately qualified if required) conveys no erroneous impressions as to the age . . . of the product.

27 C.F.R. § 5.34(a).[3]

### B.    Old Charter Bourbon and TTB Approval of Old Charter Label Statements.

Defendant Buffalo Trace Distillery, Inc. ("Buffalo Trace") produces a number of different spirits, primarily different whisky brands. Old Charter is one such brand that Buffalo Trace makes while doing business as Old Charter Distillery Co. Old Charter bourbon has been produced in a number of forms over the years. For example, Buffalo Trace previously produced and labeled Old Charter bourbon according to the number of years for which it was aged, whether it was 8 years, 10 years, or 12 years. As part of this, the TTB approved a label stating Old Charter is "gently matured for eight seasons in century old brick warehouses." (Declaration of Jonathan Bach ("Bach Decl."), Ex. A.)

---

[2] "Bourbon" is a certain class of whisky, subject to whisky regulations.    27 C.F.R. § 5.22(b)(1)(i).
[3] This specific guideline is in addition to the regulation which also prohibits any other label statement that is false or may create a misleading impression. *See* 27 C.F.R. 5.42(a).

More recently, however, to produce bourbon with the most dependably consistent flavor profile, Buffalo Trace did away with the strictures of pre-set age criteria.  Instead of bottling the bourbon after a set age point, Buffalo Trace bottles and distributes Old Charter bourbon once it reaches the proper flavor point associated with the Old Charter brand—whether it is aged for, *e.g.*, 7 years, 8 years, 9 years, or some point in between.  This improved approach allows Buffalo Trace to bottle Old Charter bourbon when it hits the right flavor profile, not when it hits an arbitrary pre-set age.[4]

On December 19, 2013, Old Charter submitted an application for label approval to the TTB related to the number "8".  (Bach Decl., Ex. B.)  On January 10, 2014, the TTB issued the COLA approving the use of the name "Old Charter" without an age statement.  (*Id.*)

### C.     Plaintiff's Allegations.

Ignoring Old Charter's TTB-approved label statements, Plaintiff filed suit claiming deception and false advertising.  Plaintiff alleges that—despite the conspicuous lack of an age statement—the Old Charter label misrepresents that Old Charter is aged for 8 years when it is not. (Compl. ¶ 2.)  Plaintiff assumes (improperly) that merely aging bourbon for at least 8 years means the bourbon is of superior quality to those aged for lesser amounts of time.  (*Id.*)  Plaintiff then alleges that removal of the age statement is "an attempt to upsell the newer, younger, inferior product" and to induce consumers "to purchase Old Charter."  (Compl. ¶¶ 2, 68.)

Based on these allegations, Plaintiff asserts a lineup of potential false advertising claims, including: (1) violation of New York GBL § 349; (2) violation of New York GBL § 350; (3) Unjust Enrichment; (4) Breach of Express Warranty; (5) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, (6) Fraud, and (7) Negligent Misrepresentation.

---

[4] The taste of bourbon is determined by a number of factors; it is not solely dependent on age. For example, the quality of the grain mixture, the wood of the barrel, and the temperature of where the bourbon is aged matter.

Plaintiff seeks to represent a broad, temporally undefined class of "all persons in the United States who purchased Old Charter" and a subclass of "all Class members who purchased Old Charter in New York." (Compl. ¶¶ 22-23.)

Plaintiff brings his claims against Buffalo Trace, Old Charter, and Buffalo Trace's parent corporation Sazerac (collectively, "Defendants").

## III. THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AND SHOULD BE DISMISSED.

Plaintiff's claim that Old Charter "8" misleads consumers into believing that Old Charter "has been aged for 8 years" fails. It fails not only because Plaintiff's interpretation of the label is untenable, but also because each cause of action fails on its own.

### A. Legal Standards on this Motion to Dismiss.

#### 1. Federal Rule of Civil Procedure 12(b)(1).

If a plaintiff lacks Article III standing, his suit is not a "case" or "controversy" and a federal court thus "has no subject matter jurisdiction to hear [his] claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 197-98 (2d Cir. 2005). A plaintiff bears the burden of establishing standing by showing: (1) he has suffered a concrete injury-in-fact (2) that is fairly traceable to defendant's challenged conduct and (3) will likely be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff must demonstrate standing for each claim and each form of relief sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). Absent Article III standing, a suit should be dismissed under Rule 12(b)(1). *See Albert v. Blue Diamond Growers*, 151 F. Supp. 3d 412, 417-18 (S.D.N.Y. 2015).

2.      **Federal Rule of Civil Procedure 12(b)(6).**

The Court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) unless the complaint "plead[s] 'enough facts to state a claim to relief that is plausible on its face.'" *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-cv-04697, 2016 WL 6459832, at *2 (S.D.N.Y. Oct. 26, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible only "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Although the court assumes the truth of factual allegations, "[t]hreadbare recitals of the elements of a cause of action," "conclusory statements," and "legal conclusions" are not entitled to an assumption of truth. *Id.* at 663.   "A complaint that 'tenders naked assertions' devoid of 'further factual enhancement'" fails and must be dismissed.   *Dash v. Seagate Tech. (U.S.) Holdings Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014) (quoting *Iqbal*, 556 U.S. at 678).

The Court should also dismiss a complaint under Rule 12(b)(6) "when a defendant raises . . . [a statutory bar] as an affirmative defense and it is clear from the face of the complaint, *and matters of which the court may take judicial notice*, that the plaintiff's claims are barred as a matter of law." *Singleton v. Fifth Generation, Inc.*, No. 5:15-CV-474 (BKS/TWD), 2016 WL 406295, at *3 (N.D.N.Y. Jan. 12, 2016) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)).

B.      **All of Plaintiff's Claims Should Be Dismissed under Rule 12(b)(6) Because the Old Charter Label Is Not Materially Misleading as a Matter of Law.**

All of Plaintiff's claims are premised on a theory that Defendants made a materially misleading statement.   (Compl. ¶¶ 33, 38, 47, 51, 59, 66, 72.)   Where a plaintiff has not adequately pled a material misrepresentation, it is appropriate to dismiss the complaint at the

pleading stage. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("[A] court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."). A plaintiff fails to state a claim by offering interpretations of product labeling that are not supported by the affirmative statements on the label at the time of purchase. *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 759 (N.D. Ill. 2015) ("The Court must view the allegedly misleading statement in light of information available . . . at the time of . . . purchase."); *see Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *6-7 (N.D. Cal. Feb. 8, 2016). Here, Plaintiff's claims fail because a reasonable consumer would not imagine that the words *"aged"* and *"years"* appear on the Old Charter label when they do not.

To start, no reasonable consumer would infer that Old Charter is aged for 8 years because of the number 8 alone. Courts have repeatedly held that a complaint cannot survive on a plaintiff's self-serving statement that a label or brand name represents something that it does not actually say. *See Romero*, 2016 WL 469370 at *6-7; *Werbel v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3-5 (N.D. Cal. July 2, 2010). For instance, in *Romero*, the plaintiff tried bringing claims on her belief that "Whitewheat" and "Honey Wheat" bread in a package stating that it "offers the perfect blend of *wholesome wheat* and a touch of sweet honey" misleadingly conveyed that the bread contained whole wheat. 2016 WL 469370, at *6. But the court dismissed the claims with prejudice at the pleading stage because the plaintiff's reading was not reasonable as "[d]efendant does not affirmatively represent its Whitewheat and Honey Wheat products as whole wheat breads." *Id*. at *7.

The *Werbel* plaintiff similarly failed to state plausible claims based on his allegations that the name "Crunch Berries" misleadingly represented that Cap'n Crunch cereal derives nutrition

from actual berries.  2010 WL 2673860, at *3-5.  The court dismissed the complaint with prejudice because the cereal box had "no representations that the Crunch Berries are derived from real fruit"—the use of "berries" in "Crunch Berries" was not enough.  *Id.* at *3, *6; *see also McKinnis v. Kellogg USA*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *4-5 (C.D. Cal. Sept. 19, 2007) (finding that "Froot Loops" do not reasonably mislead consumers into believing they contain real fruit because "[n]owhere on the box does the word fruit appear, other than in the banner 'NATURAL FRUIT FLAVORS' . . . .").

Plaintiff's claims here fail for this same reason.  The Old Charter label does not say that the bourbon is aged for 8 years any more than "Whitewheat" and "Honey Wheat" connote the presence of whole wheat or the name "Crunch Berries" connotes the presence of real fruit.  A number on a bourbon bottle does not affirmatively represent the bourbon's age.  And so, Plaintiff's claims fail and should be dismissed with prejudice.  *See Romero*, 2016 WL 469370, at *7, *13; *Werbel*, 2010 WL 2673860, at *5-6; *accord Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) (unpublished Ninth Circuit case determined that a reasonable consumer would not think the terms "original" or "classic" indicate a wholesome or nutritious product); *Red v. Kraft Foods, Inc.*, No. 10-CV-1028-GW (AGRx), 2012 WL 5504011, at *3-4 (C.D. Cal. Oct. 25, 2012) (dismissing advertising claims, even though "the packaging boasts that the crackers are made with real vegetables and depicts vegetables," because a reasonable consumer would not understand those representations to mean that "the product is healthy and contains a significant amount of vegetables").[5]

Plaintiff is not helped by his comparison of the Old Charter label with a different Old Charter product that specifically states "Aged 8 Years."  When faced with two bottles side-by-

---

[5] Moreover, Old Charter is not the only brand to use a number with its marketing.  For example, Motel 6 and Super 8 are easily recognizable, but are not expected to offer rooms for $6 or $8 per night, rent rooms for 6 or 8 hours, or offer any service specifically tied to the numbers 6 and 8.

side—one that states "Aged 8 Years" and one that does not—Plaintiff unreasonably assumes that the bottle that does not have the age statement is also aged for 8 years.  (Compl. ¶¶ 4-5.)[6]  But the absence of the age statement on the current Old Charter bottles suggests the exact opposite and is therefore not misleading.  *See Andre Strihak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 400, 402-03 (N.Y. App. Div. 2002) (holding that a printer package was not deceptive for failure to disclose the size of the ink cartridge included in the box even if prior printers included large-size cartridges rather than economy-size cartridges); *see also Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW(OPx), 2013 WL 6729802, at *3-5 (C.D. Cal. Dec. 19, 2013) (finding that a reasonable consumer would not assume a cereal included dried strawberries due to the picture of strawberries on the box even though competing cereals allegedly contained them because the box did not have language stating that the cereal contained strawberries).

Old Charter's statement that it has been "matured for eight seasons" further undermines, not helps, Plaintiff's claims.  The dictionary definition of "season," for instance, includes "one of the four quarters into which the year is commonly divided."[7]  Additionally, when it comes to distilled spirits, as detailed in the TTB regulations, one year includes two "seasons."  27 C.F.R. § 5.11.  Plaintiff cannot base his claims on a new, unsupported definition of "seasons."

For these reasons, the Old Charter label is not materially misleading and Plaintiff's claims should be dismissed.  *See Romero*, 2016 WL 469370, at *7, *13.

---

[6] Plaintiff's allegations regarding the perceptions of consumers who were exposed to both versions of the label—with and without an age statement—are irrelevant since Plaintiff does not allege that he purchased the bourbon when it had an age statement on the bottle.

[7] https://www.merriam-webster.com/dictionary/season (last visited Jan. 12, 2017).

**C.   Plaintiff's Causes of Action Suffer from Individual Flaws That Require Their Dismissal under Rule 12(b)(6).**

In addition to bringing deceptive practices claims based on statements not contained on the product, each of Plaintiff's causes of action suffer from a number of fatal flaws.

**1.   Plaintiff's New York statutory claims (Counts I and II) are barred by the safe harbor created after the TTB's approval of Old Charter's label statements.**

The heart of Plaintiff's complaint is an attack on the TTB's approval of the Old Charter label statements.  This is prohibited.  This is because, in advertising cases, compliance with federal regulations that govern the alleged deceptive information "is a complete defense."  *See Am. Home Prods. Corp. v. Johnson & Johnson*, 672 F. Supp. 135, 144 (S.D.N.Y. 1987).

The rationale for this safe harbor "is the need for uniformity in the regulation of advertising and labeling and a deference to the expertise of the responsible regulatory agency." *Id.*; *see In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, MDL No. 09-2064-NMG, 2014 WL 866571, at *4 (D. Mass. Mar. 5, 2016) ("[T]he safe harbor provision, in essence, reflects a judgment . . . that . . . unfair competition law should not be employed to second guess legislative judgments.").  New York has codified this "safe harbor" in GBL §§ 349(d) and 350–d.[8]  New York's safe harbor follows the safe harbors recognized in many other jurisdictions, either codified in statutes, adopted via the Uniform Deceptive Trade Practices Act, or applied under the common law.  *Am. Home Prods. Corp.*, 672 F. Supp. at 144.[9]

---

[8] Although Section 350–d references the FTC, "Courts have construed § 350–d to be congruent with § 349(d) and also to cover regulations promulgated by agencies other than the FTC." *Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1173 (S.D.N.Y. 1996).  Section 350–d was previously numbered as 350–c but changed by the legislature in 1989.  1989 N.Y. Sess. Laws 65 (McKinney).

[9] Because the rationale behind the safe harbor defense is equally applicable to all of Plaintiff's claims, it serves as a bar to each claim asserted in the Complaint.

The safe harbor applies "where a federal law or regulation specifically authorizes the challenged conduct, or a federal agency specifically approves the challenged conduct." *Singleton*, 2016 WL 406295, at *7; *see also Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1173 (S.D.N.Y. 1996) (noting that New York's safe harbor "cover[s] regulations promulgated by federal agencies other than the FTC"). For alcoholic beverage labels, the safe harbor applies where a plaintiff attacks a part of a TTB-approved label that is specifically covered by the TTB's regulations. *See Cruz v. Anheuser-Busch, LLC*, No. CV 14-09670 AB (ASx), 2015 WL 3561536, at *3-6 (C.D. Cal. June 3, 2015); *Parent v. MillerCoors LLC*, No: 3:15-cv-1204-GCP-WVG, 2015 WL 6455752, at *5-7 (S.D. Cal. Oct. 26, 2015). For example, because the TTB regulations address what brewer name companies may put on beer labels, the safe harbor barred claims that MillerCoors misleadingly labeled Blue Moon beer with "Blue Moon Brewing Company" as the manufacturer on labels instead of MillerCoors. *Parent*, 2015 WL 6455752, at *6-7. And where the TTB issued a guidance for calorie and carbohydrate content on labels, the safe harbor barred claims based on allegations that Anheuser-Busch misleadingly used the word "light" on a label to insinuate that the products were low in calories and carbohydrates. *Cruz*, 2015 WL 3561536, at *3-6.[10] In short, a plaintiff's claims are barred by the safe harbor where the challenged conduct "is the same as the conduct authorized by law." *Parent*, 2015 WL 6455752, at *6.

The TTB's express regulatory approval of Old Charter's labels thus bars Plaintiff's claims because the TTB authorized the use of the allegedly misleading statements under federal

---

[10] Plaintiffs will likely point to a number of cases where a court has declined to apply the safe harbor to claims that a liquor label misleadingly stated that the liquor was "handmade" or "handcrafted." *See Singleton*, 2016 WL 406295, at *7 (collecting cases). But the courts' hesitance to apply the safe harbor in these cases arose from the fact that the TTB has not issued regulations or other guidance regarding "handmade" statements. *Id.* at *8. By contrast, both the FAAA and the TTB's regulations specifically address age statements.

law.  (Bach Decl., Exs. A & B.)  Specifically, the Complaint identifies the following statements: the number 8 on the neck and body of Old Charter, and the text that reads "gently matured for eight seasons in century old brick warehouses."  (Compl. ¶¶ 2-3.)  These are not age statements. Instead, the number 8 on "Old Charter" does not "convey[] . . . erroneous impressions as to the age . . . of the product."  *See* 27 C.F.R. § 5.34(a).  Additionally, "matured for eight seasons" is not an eight "year" age statement.  The TTB regulations define "season" as comprising two periods per year.  27 C.F.R. § 5.11.

In short, if the TTB contended that the statements on Old Charter's labels represented that it was aged for 8 years, then it would not have issued the relevant COLAs because the label statements do not use the words required by 27 C.F.R. § 5.40(a)(1) for age statements.  Instead, the TTB authorized the use of the number 8 and the phrase "eight seasons" without age statement language.  As such, Plaintiff's New York statutory claims are barred by the safe harbor.  *See Parent*, 2015 WL 6455752, at *6-7; *In re Celexa*, 2014 WL 866571, at *4 (finding safe harbor applies where Congress entrusts an agency to determine whether a proposed label is false or misleading in the complained-of manner).

        **2.**        **The complained-of statements do not form a warranty under federal law (Count V) or New York law (Count IV) and Plaintiff failed to plead that he provided pre-suit notice of his claim to Defendants.**

Plaintiff asserts claims for breach of express warranty under the federal Magnuson-Moss Warranty Act ("MMWA") and under New York law.  Both claims fail.

**MMWA**.  "The MMWA grants relief to a consumer 'who is damaged by the failure of a . . . warrantor . . . to comply with any obligation . . . under a written warranty.'"  *Wilbur v. Toyota Motor Sales, U.S.A., Inc.*, 86 F.3d 23, 26 (2d Cir. 1996) (quoting 15 U.S.C. § 2310(d)(1)). A written warranty is defined as "any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the

nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time."   15 U.S.C. § 2301(6)(A).   Courts thus dismiss MMWA claims based on product descriptions that do not warrant a product is "defect free or will meet a specified level of performance *over a specified period of time*." *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 377-78 (S.D.N.Y. 2014) (finding that a label claiming that product "restores enamel," even coupled with "best buy" date did not constitute a warranty under MMWA because "restores enamel" is a product description); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. MDL-1703, 2012 WL 1015806, at *3-4 (N.D. Ill. Mar. 22, 2012) ("Made in the USA" is not a warranty under the MMWA); *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 WL 1320468, at *14-15 (N.D. Cal. Apr. 1, 2013) (holding that "All Natural" on food labels is a product description, not a warranty).

Plaintiff's MMWA claim fails because he bases it on statements that, at most, are product descriptions and not warranties of a specified level of performance over a specified time. Whether Old Charter is aged for at least eight years or any other length of time, is a description of the bourbon. The length of time bourbon is aged in no way promises any level of performance for any period of time.   As such, the MMWA claim fails. *See Bowling*, 65 F. Supp. 3d at 377-78.

**New York express warranty claim.**   To state a claim for breach of express warranty under New York law, Plaintiff must allege "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with his immediate seller, (3) breach of this warranty, and (4) injury to the buyer caused by the breach." *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (citation omitted).   To constitute a warranty, the statement must be an "affirmation of fact" or

express "promise" upon which the buyer relies.  *In re Scotts EZ Seed Litig.*, No. 12 CV 4727(VB), 2013 WL 2303727, at *6 (S.D.N.Y. May 22, 2013) (citing N.Y. U.C.C. Law § 2-313(a)); *Teixeira v. St. Jude Med. S.C., Inc.*, —F. Supp. 3d—, 2016 WL 3547932, at *3 (W.D.N.Y. June 30, 2016).  Here, Plaintiff does not state an express warranty claim because he does not plead the existence of any statement amounting to a warranty.

Plaintiff claims that Defendants "issued written warranties by placing the number eight" on Old Charter's label and representing that it was "gently matured for eight seasons." (Compl. ¶¶ 51-52.)  Yet, Plaintiff does not argue (because he cannot) that the number "8" is a fact or express promise that was breached or that Old Charter was not matured for eight seasons under either the dictionary or TTB definition of "season."  Instead, Plaintiff's express warranty claim is based on unsupported inferences.

Plaintiff puts words into Defendants' mouths and claims the challenged statements warranted that Old Charter was aged 8 years—even though the Complaint lacks any allegation that Old Charter expressly stated that the bourbon Plaintiff purchased was aged 8 years.  This is improper.  A plaintiff cannot plead a warranty claim by contorting a label's statements into a fact or promise that the defendants did not state or provide.  *See Baker v. Robert I. Lappin Charitable Found.*, 415 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2006); *accord Forouzesh v. Starbucks Corp.*, No. CV 16-3830 (PA) (AGRx), 2016 WL 4443203, at *4 (C.D. Cal. Aug. 19, 2016) (dismissing a claim alleging that Starbucks misrepresented the amount of liquid in its cold drinks due to the inclusion of ice because the Starbucks signs only stated the size of the cups and did not "state[], or expressly warrant[], that its Cold Drinks contain a specific amount of liquid"); *McKinnis*, 2007 WL 4766060, at *5 ("Absent a representation that Froot Loops contains actual fruit,

Plaintiffs have failed to allege sufficient facts to make out a claim for breach of an express warranty . . . .").[11]

Additionally, Plaintiff's claim fails because he fails to plead that he provided timely notice of the alleged breach of warranty. "Where a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." *Singleton*, 2016 WL 406295, at \*12. The express warranty claim should be dismissed because Plaintiff does not allege that he provided any notice, let alone notice within a reasonable time. *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) ("Here, plaintiffs have failed to allege they provided Walgreens with timely notice of the alleged breach of warranty. Accordingly, plaintiffs' breach of warranty claims are dismissed.").

### 3. Plaintiff fails to plead fraudulent intent as required for a fraud claim (Count VI).

Along with failing to plead a material misrepresentation, Plaintiff's fraud claim fails because he does not plead, among other things, "'facts that give rise to a strong inference of fraudulent intent.'" *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 362 (E.D.N.Y 2014) (quoting *Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013)). Facts that are consistent both with fraudulent intent and the absence of such intent are insufficient to plead fraud. "Plaintiff[] must allege facts that unambiguously give rise to a strong inference of fraudulent intent." *U.S. ex rel. Grupp v. DHL Express (USA), Inc.*, 47 F. Supp. 3d 171, 177 (W.D.N.Y. 2014) (quoting *Scheiner v. Wallace*, 832 F. Supp. 687, 702 (S.D.N.Y. 1993)). A plaintiff cannot rely on generalized allegations that a defendant's purpose

---

[11] *See also Simmons v. Washing Equip. Techs.*, 912 N.Y.S.2d 360, 361 (N.Y. App. Div. 2010) (finding that a statement that the defendant "could 'provide a solution'" to a sewer problem was not an express warranty).

for the misrepresentations was to "induc[e] Plaintiff and the Class to purchase" the product at issue. *Dash*, 27 F. Supp. 3d at 362-63 (dismissing fraud claim).  As such, fraud claims fail where a commonsense interpretation of the alleged misrepresentation supports a defendant's absence of fraudulent intent.  *Grupp*, 47 F. Supp. 3d at 178-79 (dismissing a fraud claim where a "commonsense reading of the pertinent documents" would apprise DHL customers of allegedly misleading jet fuel surcharges).

Plaintiff flatly concludes that Defendants "intended to induce . . . Plaintiff and members of the proposed Class and Subclass to purchase Old Charter."  (Compl. ¶ 68.)  This is the same sort of conclusory allegation that the court in *Dash* found insufficient to support a fraud claim. *See Dash*, 27 F. Supp. 3d at 362-63.  Indeed, as discussed above, a commonsense reading of the Old Charter label, particularly after approval by the TTB, shows no fraudulent intent.  The age statement was removed from Old Charter so Old Charter could produce bourbon with a consistent flavor profile, not to mislead consumers into purchasing different bourbon.  As such, Plaintiff's fraud claim fails.  *See Grupp*, 47 F. Supp. 3d at 178.

### 4. Plaintiff's negligent misrepresentation claim (Count VII) is flawed and should be dismissed.

Plaintiff's negligent misrepresentation claim is flawed for two separate reasons: (1) the economic loss doctrine applies to the claim, and (2) Plaintiff does not plead a "special relationship" that is required to state a claim under New York law.

The economic loss doctrine bars Plaintiff's claim because the loss he allegedly suffered is not recoverable under negligence theories.  Plaintiff's only alleged injury is the purported price premium he paid in buying Old Charter.  Because Plaintiff has not, and cannot, allege any personal or property injury from his purchase, the negligent misrepresentation claim must be dismissed with prejudice.  *See Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609-10 (S.D.N.Y.

2009) (dismissing negligent misrepresentation where plaintiff "has not alleged personal or property damage"); *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 220 (S.D.N.Y. 2007) (dismissing a negligent misrepresentation claim because a plaintiff who alleges "economic loss, but not personal or property injury" is restricted "to an action for the benefits of their bargains" (quotation omitted)).

Further, to state a negligent misrepresentation claim, Plaintiff must allege that Defendants "had a duty, as a result of a special relationship, to give correct information." *Bautista v. Cytosport, Inc.*, No. 15-CV-9081 (CS), 2016 WL 7192109, at \*6 (S.D.N.Y. Dec. 12, 2016) (quotation omitted). Ordinary consumer transactions do not constitute the "special relationship" needed to form the basis of a negligent misrepresentation claim. *See Singleton*, 2016 WL 406295, at \*13 (dismissing claim because plaintiff's purchase of defendant's vodka "in a garden variety retail transaction" did not give rise to a duty of care); *Bautista*, 2016 WL 7192109, at \*6 (dismissing claim because ordinary consumer transaction does not establish special relationship). Plaintiff alleges just that he purchased Old Charter at a store in New York. (Compl. ¶ 14.) This typical consumer transaction is just the type courts find insufficient to form a special relationship for purposes of a negligent misrepresentation claim. *See Singleton*, 2016 WL 406295, at \*13. Plaintiff's claim should be dismissed.

### 5. Plaintiff's unjust enrichment claim (Count III) is duplicative and should be dismissed.

Plaintiff's unjust enrichment claim is also flawed. In deceptive advertising cases, "Courts . . . routinely dismiss an unjust enrichment claim that simply duplicates, or replaces, a conventional contract or tort claim." *Bautista*, 2016 WL 7192109, at \*7 (quotation omitted). Because Plaintiff asserts a number of other contract and tort causes of action based on the alleged

misrepresentation, his unjust enrichment claim should be dismissed.  *See id.*; *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290-91 (S.D.N.Y. 2014) (dismissing claim).

## IV.    PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE CLAIMS AGAINST SAZERAC.

In addition to all the flaws in Plaintiff's purported causes of action, Plaintiff also improperly names Sazerac as a defendant.

To state a plausible claim against a parent company, "a plaintiff must allege facts supporting an inference that the parent company engaged in the conduct at issue, and general, conclusory allegations are not sufficient."  *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *29 (E.D.N.Y. Sept. 22, 2015).  Plaintiff cannot assert claims against a parent corporation by premising the parent company's liability "on indirect conduct taken through its subsidiary."  *Dumont v. Litton Loan Servicing, LP,* No. 12–CV–2677-ER-LMS, 2014 WL 815244, at *18-19 (S.D.N.Y. Mar. 3, 2014).  In a false advertising case like this one, a plaintiff cannot rely on generalized allegations that the parent marketed, advertised, or distributed the product or that it operates in conjunction with the subsidiary.  *See Stoltz*, 2015 WL 5579872, at *29-30.

Here, Plaintiff merely alleges Sazerac "authorizes the false and misleading representation about Old Charter through its officers, directors, and agents."  (Compl. ¶ 17.)  Taken as true, this conclusory allegation shows only that Sazerac exhibits a general degree of control typical of a parent corporation, not that it engages in the alleged misconduct.  As such, all claims against Sazerac should be dismissed under Rule 12(b)(6).  *See Stoltz*, 2015 WL 5579872, at *29-30.

## V.    PLAINTIFF DOES NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF.

Plaintiff seeks injunctive relief barring Defendants from continuing to use the Old Charter label and requiring a corrective advertising campaign.  (Compl. ¶¶ 35, 42, 78.)  To have Article III standing to seek injunctive relief, a plaintiff must allege "a sufficient future injury."

*Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects."  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).  Plaintiff's allegations fall short of Article III's requirements.  *See Albert v. Blue Diamond Growers*, 151 F. Supp. 3d 412, 417-18 (S.D.N.Y. 2015).  The Complaint lacks any allegations regarding whether Plaintiff is still purchasing Old Charter or would purchase the product in the future.  As such, Plaintiff's request for injunctive relief should be dismissed under Rule 12(b)(1).  *See id.*

## VI.    CONCLUSION

Plaintiff's Complaint improperly relies on his own interpretation of the Old Charter label as representing something it just does not say.  Because the label does not say that Old Charter is aged for 8 years, and because of the other flaws in Plaintiff's allegations discussed above, the Court should dismiss Plaintiff's claims with prejudice.

Dated: January 12, 2017

COOLEY LLP

By:   s/Jonathan Bach
      Jonathan Bach (JPB-9710)
      (jbach@cooley.com)
      1114 Avenue of the Americas
      New York, NY 10036-7798
      Phone: (212) 479-6000

      Michelle C. Doolin *pro hac vice pending*
      (mdoolin@cooley.com)
      Darcie A. Tilly *pro hac vice pending*
      (dtilly@cooley.com)
      4401 Eastgate Mall
      San Diego, CA 92121
      Phone: (858) 550-6000

      Attorneys for DefendantsBuffalo Trace
      Distillery, Inc., Old Charter Distillery Co.,
      and Sazerac Company, Inc.